# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GUADALUPE BETANCOURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-14-659-HE |
| | ) | |
| AVAK ENTERPRISE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this case against defendant Avak Enterprise, LLC, alleging that it discriminated against her in violation of the American with Disabilities Act ("ADA"). She seeks an injunction requiring defendant's hotel, Red Roof Inn, to remove certain alleged barriers to access. Both parties have filed motions for summary judgment, which are now at issue.

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(a). To meet its burden, the moving party must support its assertions of fact with proper support. Fed.R.Civ.Pro. 56(c). If it does so, the non-moving party must then specifically controvert those facts with its own properly supported assertions in order to avoid summary judgment. Fed.R.Civ.Pro. 56(c); L.Cv.R. 56.1(c). If a genuine dispute of material fact exists, summary judgment must be denied. Cross-motions must be considered separately. Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 483 F.3d 1025, 1030 (10th Cir. 2007).

1

Plaintiff asserts that she "has cerebral palsy and must use a wheelchair to ambulate." Plaintiff's Undisputed Fact No. 1. This assertion is properly supported by an affidavit. Doc. #24-1 at ¶ 2. Though defendant has denied the assertion, it has failed to support its denial with evidence sufficient to create a justiciable factual dispute. Plaintiff has therefore established that she has a condition which substantially limits her ability to walk and that she is "disabled" under the ADA. *See* 42 U.S.C. §12102. Plaintiff's motion is granted to that extent.

Her motion will otherwise be denied, because it does not come close to stating a basis for summary judgment as to issues beyond plaintiff's own status. The only other "facts" supported by any evidentiary submission is that plaintiff was at the location on a stated date, was denied access, and that she has an expert and he submitted a report. The fact that the expert submitted a report does not entitle the plaintiff to judgment, and plaintiff makes no effort to identify what facts and circumstances the report addresses which she believes entitle her to judgment. It is not the court's job to create a summary judgment brief or argument for her.

Plaintiff's response to defendant's motion for summary judgment is even more lacking. Defendant argues the Red Roof Inn location at issue was "constructed in the 1960's" and hence need only remove barriers that are "readily achievable." 42 U.S.C. §12182(b)(2)(A)(iv). Plaintiff says she doesn't know the date, but, in any event, she does not controvert the alleged fact with any evidence and it is deemed established. Defendant's motion also identifies various conditions and circumstances which it concedes were

violations and have been, or are being, fixed and also identifies other matters as to which it says correction is unfeasible. Plaintiff's response makes zero effort to respond to those factual allegations with evidence or other materials as contemplated by Rule 56. Rather, she submits what is essentially a form of answer to a complaint–denying this or that, or stating that she "believes" or "does not believe" certain assertions. Her unsupported "beliefs" or "denials" are insufficient to controvert a factual allegation that is otherwise properly supported by the movant. Defendant's motion will therefore be granted as to those assertions relating to defendant's efforts and the feasibility of remedying other conditions not conceded or already resolved.

The only factual dispute which appears to remain, based on actual evidentiary submissions from the parties in their motions/responses, is the question of whether plaintiff was ever even actually at the Red Carpet Inn location in question. Plaintiff's affidavit says she was. Defendant has submitted evidence that its records show no record of plaintiff having been there. The court would hope that, in light of the disposition of the motions effected here, the parties can resolve that issue by agreement.

In any event, plaintiff's motion for summary judgment [Doc. #23] is **GRANTED** as to the issue of her disabled status, but is otherwise **DENIED**. Defendant's motion for summary judgment [Doc. #26] is **GRANTED** as to issues other than plaintiff's presence at the location, resulting in what is essentially a determination that it has corrected, or is correcting, certain conditions identified in its response and that, as to others remaining, remedying them is not "readily achievable" within the meaning of 42 U.S.C. § 12181(9).

The parties are directed to confer (a) in an attempt to resolve the issue of whether plaintiff actually sought accommodations from defendant, and hence has standing to pursue any claims here, (b) assuming the agreement is that she did, to reach agreement as to the form of an order and judgment consistent with the above—directing correction of those conditions identified in defendant's motion as having been addressed, or which are being addressed, and denying relief as to other conditions as to which defendant has challenged the feasibility of a remedy, and (c) regarding whether and to what extent plaintiff is entitled to recover attorneys fees based on the extent of the relief granted. The parties are directed to submit a proposed order and judgment by **August 1, 2015**, or, if they are unable to reach agreement, to submit a joint statement by that date identifying the parties' positions as to issues not resolved by the disposition of the summary judgment motions and/or their own agreement. The trial setting is **STRICKEN**.

    **IT IS SO ORDERED**.

    Dated this 2nd day of July, 2015.

                                          JOE HEATON
                                          UNITED STATES DISTRICT JUDGE